UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JILL PITRE AND RUSSELL PITRE | CIVIL ACTION |
| VERSUS | NO: 25-2470 |
| JERAY JAMBON JARREAU, ET AL. | SECTION: N |

**ORDER AND REASONS**

Before the Court is the Jarreau Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).[1] Neither plaintiff filed a timely response. Having considered the motion, the record, and the applicable law, the Court issues this Order and Reasons granting the motion.

## I.     Factual Background

On December 5, 2025, Plaintiffs Jill Pitre and Russell Pitre, acting *pro se*, initiated this action.[2] On December 29, 2025, they filed an amended complaint in which they added additional defendants and supplemented their claims.[3] The amended complaint asserts claims under 42 U.S.C. § 1983 for violations of rights secured by the Fourth and Fourteenth Amendments and state law claims including

---

[1] Rec. Doc. 14.
[2] Rec. Doc. 1.
[3] Rec. Doc. 3.

unauthorized practice of law, breach of fiduciary duty, professional negligence or legal malpractice, and joint participation in unlawful conduct arising from the removal of a minor child in the Pitres' lawful custody by deputies of the Lafourche Parish Sheriff's Office.[4]

The Pitres allege that defendant Jeray Jambon Jarreau acted as Ms. Pitre's retained counsel in custody and protective-order proceedings relating to the minor child.[5] They allege that defendant Hillary Danos (together, with Jarreau, the "Jarreau Defendants"), in her role as a paralegal to Jarreau, acted as the "primary gatekeeper" for their communications with and access to Jarreau.[6] As recounted in the amended complaint, the Pitres were lawful caregivers of the child in accordance with a court-issued protective order that remained in effect until midnight on January 3, 2025.[7] On January 3, 2025, before the midnight expiration, a judge verbally instructed the Pitres to transfer custody. Two deputies followed the Pitres home from the courthouse in patrol vehicles to enforce the order. Within about ten minutes of arriving at the Pitres' house, the deputies removed the child. When Ms. Pitre asked Jarreau to appeal the order or to file motions to rectify the situation on her behalf, Jarreau declined to do so, stating that she did not handle appeals.[8]

The Pitres allege that although the Jarreau Defendants "are private actors,"

---

[4] *See id.*
[5] *See id.* ¶ 10.
[6] *See id.* ¶ 12.
[7] *See id.* ¶ 20.
[8] *See id.* ¶¶ 25-30.

they are subject to § 1983 liability "because they knowingly facilitated, enabled, and failed to prevent unconstitutional state action and thereby engaged in joint participation with state officials."[9] The unconstitutional state action alleged is that the deputies' conduct constituted a seizure under the Fourth Amendment and a denial of due process under the Fourteenth Amendment, depriving the Pitres of their fundamental liberty interest in the care, custody, and control of the minor child.[10] The Pitres contend that the verbal order from the judge was insufficient to authorize law enforcement action.[11] Moreover, they allege, Jarreau facilitated unlawful state action by failing to take action to prevent unconstitutional enforcement of the verbal judicial instruction and misrepresenting the law regarding the enforceability of such instructions.[12] Similarly, they allege that Danos failed to escalate the legal problem with the court's order to Jarreau, failed to correct misinformation the Pitres were relying on, and failed to take action to prevent or delay the removal of the child from the Pitres' custody.[13] The Pitres allege that the Jarreau Defendants acted jointly and in concert, with Danos acting under the authority and supervision of Jarreau.[14]

The Jarreau Defendants filed a motion to dismiss in which they argued (1) with respect to the § 1983 claims, the Pitres failed to plead facts showing state action or

---

[9] *See id.* ¶ 18.

[10] *See id.* ¶ 23. They also allege claims against the sheriff and deputies of Lafourche Parish, which are not at issue in the present motion.

[11] *See id.* ¶ 22.

[12] *See id.* ¶¶ 11, 45.

[13] *See id.* ¶ 42.

[14] *See id.* ¶ 14.

concerted activity between these private defendants and the deputies who removed the child; and (2) with respect to the state law claims, the Pitres failed to set forth any cause of action upon which relief can be granted.

Neither plaintiff filed a timely response. On April 1, 2026, Ms. Pitre filed a motion seeking leave to file an untimely response or a further amended complaint to address any deficiencies.[15] The Court granted Ms. Pitre leave to file an amended complaint by May 8, 2026[16]; however, no such filing was made.

## II.    Law and Analysis

### A. Motions to dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss a cause of action when it fails "to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[17] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] A court must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[19] A

---

[15] Rec. Doc. 20.
[16] Rec. Doc. 23.
[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[18] *Id.*
[19] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).

court may not weigh the strength of the allegations at this stage.[20] "While the court must accept the facts in the complaint as true, it will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[21]

Under Fifth Circuit precedent, courts generally should not grant a motion to dismiss solely because it is unopposed, without considering the merits of the arguments.[22] Because dismissal with prejudice "denies a litigant the opportunity to be heard and operates as an adjudication on the merits," this "severe sanction" is reserved for "extreme circumstances," such as where a litigant has egregiously and continuously refused to abide by the court's deadlines.[23] The Pitres' failure to file a response or other pleading even after the Court granted Ms. Pitre leave to amend the complaint is troubling, and the Court cautions that repeating such behavior may be cause for sanctions. Because the present conduct does not constitute the extreme circumstances discussed in *Webb*, however, the Court evaluates the merits of the motion to dismiss.

**B. Claims under 42 U.S.C. § 1983**

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must plead 'two—and only two—allegations.... First, the plaintiff must allege that some person has

---

[20] *Twombly*, 550 U.S. at 563 n.8 ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.").

[21] *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal quotation marks omitted).

[22] *Webb v. Morella*, 457 Fed. App'x 448, 452 & n.4 (5th Cir. 2012) (discussing precedent).

[23] *Id.*

deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.'"[24]

Addressing the second element first, as it is the focus of the Jarreau Defendants' motion, this requirement "reflects a basic tenet of our political order that 'most rights secured by the Constitution are protected only against infringement by governments' and not by private parties."[25] Two conditions must be met before a court can find the deprivation of a federal right is fairly attributable to someone acting under color of state law: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor," "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."[26] The focus of the inquiry is whether "such a close nexus between the State and the challenged action" exists "that seemingly private behavior may be fairly treated as that of the State itself."[27] Thus, "a private party's joint participation with state

---

[24] *Arnold*, 979 F.3d at 267 (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)) (alteration in original).

[25] *Davis Oil Co. v. Mills*, 873 F.2d 774, 779 (5th Cir. 1989) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

[26] *Lugar*, 457 U.S. at 937.

[27] *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted); *see also Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (private parties alleged to have acted under color of state law where they willfully co-conspired with a government official).

officials in the seizure of disputed property is sufficient to characterize the party as a 'state actor' for purposes of the Fourteenth Amendment."[28]

Courts have observed that the state action doctrine, particularly as applied to private actors is "one of the more slippery and troublesome areas of civil rights litigation" and presents a "paragon of unclarity."[29] The inquiry is "highly circumstantial and far from precise."[30]

Here, however, precedent readily supports a finding that the Pitres have not alleged that the Jarreau Defendants engaged in state action to deprive them of any constitutional right. The Pitres do not allege that the Jarreau Defendants are state actors, nor do they allege an agreement between the Jarreau Defendants and any state actor to deprive the Pitres of any constitutional right. They do not allege that the Jarreau Defendants engaged in any conspiracy or other joint engagement with any state actor. Instead, they allege that the state court judge issued verbal instructions to transfer custody of the child, and "[t]wo police cars followed Plaintiffs home, enforcing that verbal statement."[31] Every action taken as part of the alleged

---

[28] *Lugar*, 457 U.S. at 941. A seizure occurs when an officer either applies physical force or makes a show of authority to which an individual submits. *See California v. Hodari D.*, 499 U.S. 621, 625-26 (1991).

[29] *Gallagher v. "Neil Young Freedom Concert"*, 49 F.3d 1442, 1447 (10th Cir. 1995) (internal quotation marks omitted).

[30] *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 748 (5th Cir. 2001) (citing *Brentwood Acad.*, 531 U.S. at 295-96).

[31] Rec. Doc. 3 ¶ 25.

seizure was undertaken by officials with the Sheriff's Office.[32] The only allegations relating to the Jarreau Defendants and the alleged seizure is that neither intervened despite being aware of the situation, Jarreau informed the Pitres that she did not handle appeals when they asked her to appeal, and she declined to file motions "to correct the situation."[33] Thus, at most, the Pitres allege that the sheriff and his deputies followed a state court's order issued orally from the bench to remove a child from the Pitres' home. An attorney's failure to try to "correct the situation" such as by filing motions or an appeal does not constitute a conspiracy or joint action with the state.

These allegations contrast with other cases in which the Fifth Circuit has found that a complaint properly alleged that private individuals had acted under color of law. For example, in *Ballard v. Wall*,[34] the plaintiff alleged that a judge coordinated with the defendant attorneys to collect money that the plaintiff owed to the attorneys' client by operating an unlawful debtors' prison. The specific allegations included that the attorneys engaged in *ex parte* telephone communications with the judge in a scheme to have the plaintiff imprisoned until he paid them $10,000 in cash.

---

[32] *See id.* ¶¶ 25-33.

[33] *Id.* ¶¶ 25, 34-38, 41-44.

[34] 413 F.3d 510, 519 (5th Cir. 2005).

### C. State Law Claims

The complaint alleges a variety of state law claims arising from Jarreau's representation of Ms. Pitre. According to the complaint, the Jarreau Defendants engaged in improper delegation of legal responsibilities, unauthorized practice of law, improper handling of billing and client funds, failure to communicate regarding court orders, filings, dates, and other material information, and failure to act during a critical period in the legal representation. While the amended complaint is certainly not a model of clarity, Ms. Pitre appears to allege that these actions constitute breach of fiduciary duty, unauthorized practice of law, professional negligence or legal malpractice, and joint participation in unlawful conduct.

### i. Mr. Pitre's Claims

The complaint alleges an attorney-client relationship only between Ms. Pitre and Jarreau.[35] There is no allegation of any attorney-client relationship between Mr. Pitre and Jarreau, and the complaint refers to the state law claims as only involving a single "Plaintiff," *i.e.*, Ms. Pitre. Louisiana law does not provide for a legal malpractice claim against an attorney by individuals who were not represented by the attorney or otherwise provide that attorneys owe a duty to a non-client.[36] Accordingly, Mr. Pitre cannot allege an essential element for claims for the

---

[35] *See* Rec. Doc. 3 ¶ 49; *see also id.* ¶ 34.
[36] *See Penabler v. Blout*, 550 So. 2d 577 (La. 1989); *Montalvo v. Sondes*, 637 So. 2d 127, 130 (La. 1994).

unauthorized practice of law, breach of fiduciary duty, and professional negligence or legal malpractice. While the complaint appears to allege such claims only on behalf of Ms. Pitre, for the avoidance of doubt, the Court dismisses any such claims to the extent they are alleged on behalf of Mr. Pitre.

### ii.  Unauthorized Practice of Law

Louisiana law prohibits anyone who is not licensed and admitted as a lawyer from engaging in the practice of law, rendering legal advice, or holding himself out to be a lawyer.[37] The law provides a private right of action for a party aggrieved by a violation of this prohibition.[38] Here, because the Pitres allege that Jarreau is a Louisiana-licensed attorney, she is not subject to a cause of action for the unauthorized practice of law. While Danos is not a licensed attorney, the complaint does not allege any conduct by Danos that falls within the statute. Instead, the complaint states that Danos represented herself to Ms. Pitre as a paralegal for Jarreau and acted at Jarreau's direction.[39] Rule 5.3 of the Louisiana Rules of Professional Conduct expressly contemplates that lawyers will delegate certain work such as that at issue to non-lawyers and imposes oversight responsibility. Here, the

---

[37] La. R.S. § 37:213.
[38] La. R.S. § 37:213.1.
[39] *See, e.g.*, Rec. Doc. 3 ¶¶ 12, 14, 39-41, 57.

amended complaint recognizes that Jarreau remained responsible for the legal representation consistent with state law and rules of professional conduct.[40]

### iii.  Breach of Fiduciary Duty

The elements of a cause of action for a breach of fiduciary duty are (1) a breach by a fiduciary of an obligation to another; (2) knowing collusion or participation in the breach by the fiduciary; and (3) damages suffered by another as a result of the breach.[41] "Further, the cause of action requires proof of fraud, breach of trust or action outside the limits of the fiduciary's authority." [42]

Ms. Pitre alleges that the Jarreau Defendants breached their fiduciary duties by not providing her with certain records or disclosures regarding her payment of legal fees, using a personal bank account for business, and delegation of certain legal functions to Danos, including allowing her to serve as a "gatekeeper."

The alleged billing irregularities and improper payment handling do not rise to the level of breach of fiduciary duty. The amended complaint recognizes that Ms. Pitre received billing requests and financial documentation from the Jarreau Defendants.[43] Ms. Pitre does not allege that the legal fees were excessive or otherwise disputed, nor does she allege that the fees were for services that the Jarreau

---

[40] *See, e.g., id.* ¶ 59.
[41] *Brockman v. Salt Lake Farm P'ship*, 768 So. 2d 836, 844 (La. Ct. App. 2000).
[42] *Id.*
[43] *See, e.g., id.* ¶¶ 50-51, 62.

Defendants did not render. Ms. Pitre's allegation of harm from billing irregularities and improper payment handling is entirely conclusory. The complaint fails to identify any harm, any fraud, or any breach of duty or trust by the Jarreau Defendants. Nor does Jarreau's delegation of certain activities to Danos constitute a breach of duty. As discussed above, the activities delegated to Danos, including those relating to the handling of fee payment, do not constitute the unauthorized practice of law.

### iv. Legal Malpractice

Ms. Pitre alleges that Jarreau engaged in legal malpractice, or professional negligence, in the course of her representation. The elements of such a claim are: (1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss caused by that negligence.[44]

As an initial matter, Danos is not alleged to be an attorney or to have an attorney-client relationship with the Pitres. Accordingly, to the extent any legal malpractice claim is alleged against her, the amended complaint fails to state a claim upon which relief can be granted.

With respect to Jarreau, Ms. Pitre does allege the existence of an attorney-client relationship; however, she fails to allege facts to support the other elements of a legal malpractice claim. Although Ms. Pitre claims that Jarreau informed her of certain schedule modifications only after substantial delay such that her ability to

---

[44] *Costello v. Hardy*, 864 So.2d 129, 138 (La. 2003).

appear was impaired, she does not allege that she was unrepresented at any court hearing or that she was harmed in any cognizable way. Likewise, Ms. Pitre does not identify any harm from the purported failure of Jarreau to advise Ms. Pitre about when the Court's oral ruling went into effect, or the purported failure of Jarreau to properly serve a subpoena on an unidentified recipient, regarding an unidentified subject on an unidentified date. To the extent that Ms. Pitre alleges that Jarreau engaged in professional negligence or malpractice for declining to represent her on appeal, her claim fails. She does not allege that the scope of representation included an appeal, or that Jarreau ever indicated that she handled appeals as a matter of professional practice, or that she was impaired in her ability to pursue an appeal. Finally, again, Ms. Pitre does not assert that alleged fee or billing mishandling caused her any loss, such as in the form of excessive billing, disputed fees, or billing for services not rendered.

Because the amended complaint does not allege a claim for unlawful conduct against Jarreau, any claim that Danos jointly participated in unlawful conduct also falls short.

## III.   Conclusion

Accordingly,

**IT IS ORDERED** that the Jarreau Defendants' Motion to Dismiss Under

Federal Rule of Civil Procedure 12(b)(6)[45] is **GRANTED.** All claims against Defendants Jeray Jambon Jarreau and Hillary Danos are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 24th day of July 2026.

_____
ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE

---

[45] Rec. Doc. 14.